UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

---

IN RE:
THE MCCABE GROUP, A PROFESSIONAL
CORPORATION,
        DEBTOR.

Chapter 7
Case No. 03-17429-WCH

---

JOSEPH BRAUNSTEIN, CHAPTER 7
TRUSTEE,
        PLAINTIFF,

v.

KARREN KELLY MCCABE,
        DEFENDANT.

Adversary Proceeding
No. 07-1191

---

**MEMORANDUM OF DECISION**

**I. INTRODUCTION**

    The matter before the Court is the "Motion by Karren K. McCabe to Determine the Core or Non-Core/Related Status of the Claims in the Adversary Proceeding Before Continuing Appeal" (the "Motion to Determine") filed by Karren Kelly McCabe (the "Defendant"). On January 22, 2010, I issued a memorandum of decision and separate order denying the Defendant's motion for summary judgment and granting Joseph Braunstein (the "Trustee"), Chapter 7 trustee of the estate of The McCabe Group, A Professional Corporation, summary judgment on his complaint for equitable subrogation and unjust enrichment.[1] The Defendant appealed, but due to an electronic filing error

---

[1] *Braunstein v. McCabe (In re The McCabe Group, a Professional Corporation)*, — B.R. —, 2010 WL 346908 (Bankr. D. Mass. Jan. 22, 2010).

with respect to the Defendant's election to the District Court, the appeal was initially transmitted to the United States Bankruptcy Appellate Panel for the First Circuit (the "Panel"). On March 3, 2010, the Panel forwarded the appeal back to this Court for transfer to the United States District Court for the District of Massachusetts (the "District Court").

The next day, before this Court transferred the appeal to the District Court, the Defendant filed the Motion to Determine, requesting that I stay the deadline for filing the designation of record until after I determined whether the claims were core or non-core. In support, the Defendant asserted that in her answer to the Trustee's complaint, though admittedly not in her motion for summary judgment or her opposition to the Trustee's cross-motion, she contested my jurisdiction to enter a final judgment in this adversary proceeding on the basis that it was non-core. As such, she asks that I resolve the core/non-core issue before the appeal proceeds, contending that under *In re Silberkraus*,[2] I retain subject matter jurisdiction over matters that will aid in the adjudication of an appeal.

Though dubious that I had such jurisdiction, I granted the motion in part, temporarily staying the appellate deadlines and allowing the Defendant and Trustee an opportunity to file briefs.[3] For the reasons set forth below, I will deny the remaining portion of the Motion to Determine for lack jurisdiction.

---

[2] *Dressler v. The Seeley Co. (In re Silberkraus)*, 336 F.3d 864, 869 (9th Cir. 2003).

[3] Because I find that the appeal divested me of jurisdiction to determine the core/non-core issue, it is unnecessary to summarize the parties' positions with respect to that issue.

## II. DISCUSSION

The Motion to Determine is effectively a motion for amended or additional findings under Fed. R. Civ. P. 52(b), made applicable to adversary proceedings by Fed. R. Bankr. P. 7052.[4] Pursuant to Fed. R. Bankr. P. 8002(b), a *timely* motion for amended or additional findings under Fed. R. Bankr. P. 7052 vitiates a notice of appeal filed prior to the entry of an order disposing of such a motion.[5] Fed. R. Bankr. P. 7052, however, modifies subdivision (b) of Fed. R. Civ. P. 52 to the extent that a motion for amended or additional findings must be filed no later than fourteen days after the entry of judgment.[6] Here, summary judgment entered on January 22, 2010, and the Motion to

---

[4] *See* Fed. R. Civ. P. 52(b) made applicable to adversary proceedings by Fed. Bankr. P. 7052 ("On a party's motion filed no later than 28 days after the entry of judgment, the court may amend its findings--or make additional findings--and may amend the judgment accordingly.").

[5] Fed. R. Bankr. P. 8002(b) provides in relevant part:

(b) **Effect of motion on time for appeal**. If any party makes a *timely* motion of a type specified immediately below, the time for appeal for all parties runs from the entry of the order disposing of the last such motion outstanding. This provision applies to a *timely* motion:

> (1) to amend or make additional findings of fact under Rule 7052, whether or not granting the motion would alter the judgment;

\* \* \*

> A notice of appeal filed after announcement or entry of the judgment, order, or decree but before disposition of any of the above motions is ineffective to appeal from the judgment, order, or decree, or part thereof, specified in the notice of appeal, until the entry of the order disposing of the last such motion outstanding. . .

(emphasis added).

[6] Fed. R. Bankr. P. 7052 ("Rule 52 F. R. Civ. P. applies in adversary proceedings, except that any motion under subdivision (b) of that rule for amended or additional findings shall be filed no later than 14 days after entry of judgment.").

3

Determine was filed on March 4, 2010, forty-one days later. As such, the motion is untimely.

Because the Motion to Determine is untimely, I lack jurisdiction to make amended or additional findings. As lucidly explained by Judge Rosenthal of this district:

> "The filing of a notice of appeal is an event of jurisdictional significance-it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58, 103 S.Ct. 400, 402, 74 L.Ed.2d 225 (1982) (per curiam). "The rule is well established that the taking of an appeal transfers jurisdiction from the Bankruptcy Court to the Appellate Court with regard to matters involved in the appeal and divest [sic] the Bankruptcy Court of jurisdiction to proceed further with such matters." *In re Kendrick Equipment Corporation*, 60 B.R. 356, 358 (Bankr. W.D. Va.1986) (citations ommitted). "This is so because a bankruptcy judge does not have concurrent jurisdiction with the district court [or BAP] over the subject matter of an appeal . . . Once a notice of appeal is filed 'no lower court should be able to vacate or even modify an order under appeal, not even a bankruptcy court attempting to eliminate the need for a particular appeal.'. . . The rationale for this rule is the avoidance of confusion and waste of time that might result from putting the same issues before two courts at the same time." *In re Emergency Beacon Corporation*, 58 B.R. 399, 402 (S.D.N.Y. 1986).[7]

Although the United States Court of Appeals for the Ninth Circuit has recognized a limited "exception to the general rule where the district court action aids [the Court of Appeals] in [their] review,"[8] this exception, if even applicable in this circuit, applies only to the subsequent reduction of an oral ruling into written findings and conclusions.[9] As the core/none-core issue was not raised

---

[7] *In re Crane Rental Co., Inc.*, No. 05-43338-JBR, 2006 WL 771716 (Bankr. D. Mass. Mar. 27, 2006). *See Watson v. Boyajian (In re Watson)*, 403 F.3d 1, 6 (1st Cir. 2005); *Whispering Pines Estates, Inc. v. Flash Island, Inc. (In re Whispering Pines Estates, Inc.)*, 369 B.R. 752, 757 (B.A.P. 1st Cir. 2007); *Needham Street Inv. Trust v. FBI Distrib. Corp. ( In re FBI Distrib. Corp.)*, 267 B.R. 655, 656 (B.A.P. 1st Cir. 2001); *Aetna Casualty and Surety Co. v. Markarian (In re Markarian )*, 228 B.R. 34, 47 (B.A.P. 1st Cir. 1998); *In re Bradshaw*, 284 B.R. 520, 523 (Bankr. D. Mass. 2002).

[8] *In re Silberkraus*, 336 F.3d at 869.

[9] *See In re Silberkraus*, 336 F.3d at 869; *Hybritech Inc. v. Abbott Labs*, 849 F.2d 1446, 1450 (Fed. Cir.1988); *Kern Oil & Refining Co. v. Tenneco Oil Co.*, 840 F.2d 730, 734 (9th

at the summary judgment stage, I made no rulings or findings with respect to it, leaving the Defendant's reliance on *In re Silberkraus* misplaced. In sum, the Defendant's pending appeal precludes the relief she requests.

### III. CONCLUSION

In light of the foregoing, I will enter an order denying the Motion to Determine in part.

_____
William C. Hillman
United States Bankruptcy Judge

Dated: April 5, 2010

---

Cir.1988); *see also Bank of Prairie v. Picht (In re Picht)*, 403 B.R. 707, 712 n.21 (B.A.P. 10th Cir. 2009) ("We are aware of other cases that address a trial court's jurisdiction after a notice of appeal is filed . . . . Without opining as to whether they were correctly decided, we note that these cases involved situations where a trial court issued findings of fact and conclusions of law from the bench in the course of ruling on an expedited matter (such as a preliminary injunction), and reserved the right to supplement the oral findings at a later date.").